IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BROCK PURVIANCE | § | |
| | § | |
| V. | § | A-10-CV-793-LY |
| | § | |
| CLAUDE MAYE | § | |
| WARDEN, FCI BASTROP | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court are: Petitioner's Application for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 1); Petitioner's Motion for Appointment of Counsel (Clerk's Docket No. 2); Claude Maye's Response to the § 2241 Petition (Clerk's Doc. No. 7); Petitioner's Reply (Clerk's Doc. No. 12); and Claude Maye's Sur-Reply (Clerk's Docket No. 15).[1] The undersigned Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. GENERAL BACKGROUND

On October 6, 2006, Brock Purviance ("Petitioner") pled guilty, pursuant to a plea agreement, to the crime of travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C.

---

[1] Petitioner has also filed a Motion to Compel Sworn Interrogatories of Erric McDonald (Clerk's Docket No. 10) and a Motion to Give Consideration to his previously filed Motion to Compel (Clerk's Docket No. 17). Because Defendant responded to Petitioner's interrogatories, this issue is now MOOT. Accordingly, Petitioner's these motions as well as Respondent's Motion to Strike the Motion to Compel (Clerk's Docket No. 11) are **HEREBY DISMISSED** as **MOOT.**

§ 2423(b) in the United States District Court for the District of Alaska. On January 3, 2007, the District Court sentenced Petitioner to 71 months in prison, followed by a 25-year-term of supervised release, a $100 special assessment, and $2,605 in restitution. Although Petitioner did not file a direct appeal, he filed a motion to vacate his sentence, which the District Court denied. *See* Judgment denying § 2255 Motion (Clerk's Docket No. 230 in 3:06-CR-040 JWS), *aff'd*, *United States v. Purviance*, No. 09-36056 (9th Cir. Oct. 19, 2010). Petitioner is currently confined at FCI Bastrop and his projected release date, via good conduct time, is July 15, 2011.

On April 14, 2010, Petitioner filed his first petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that his statutory and constitutional rights were being violated by the Bureau of Prison's ("BOP") misinterpretation of 18 U.S.C. § 3621(e)(2)(B) ("§ 3621") and failure to comply with the Administrative Procedure Act ("APA"). *See* Clerk's Doc. No. 1 in A-10-CV-255 LY. Petitioner argued that he should have been eligible for a sentence reduction pursuant to § 3621 upon successful completion of the Residential Drug Abuse Treatment Program, contending that he should not be subject to the violent offender's exception. On September 3, 2010, the undersigned issued a Report & Recommendation recommending that the District Court deny the Petition. *See* Clerk's Doc. No. 15. On September 20, 2010, the District Court adopted the Report & Recommendation. *See* Clerk's Docket No. 18. Petitioner filed and appeal of the district judge's ruling, and that appeal is currently pending before the Fifth Circuit.

On October 10, 2010, Petitioner filed his second writ of habeas corpus under § 2241, arguing that the BOP failed to give him proper consideration for placement in a Residential Reentry Center ("RRC") in violation of the Second Chance Act and his constitutional rights. Petitioner contends that he should have been recommended for *at least* six months placement in RRC and that FCI

Bastrop's policy of limiting sex offenders to a maximum of 30 days RRC placement violates his Equal Protection rights.  Petitioner's claims are without merit.

## II.  ANALYSIS

Petitioner alleges that FCI Bastrop's policy of limiting sex offenders to a maximum of 30 days in RRC violates the Second Chance Act by failing to make placement decisions on an *individual basis*.  Petitioner further alleges that the FCI Bastrop's policy of limiting sex offenders to a maximum of 30 days in RRC violates the Equal Protection Clause.

### A.     The Second Chance Act

There are two relevant statutes with regard to the BOP's discretion to place an inmate in a RRC.  First, 18 U.S.C. § 3621(b) grants the BOP the authority to *designate* the place where the inmate will be imprisoned.  Under this section, the BOP

> may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise [such as a halfway house] and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable.

18 U.S.C. § 3621(b). In making this determination, the BOP must consider the following factors: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence (concerning the purposes for which the sentence to imprisonment was determined to be warranted, or recommending a type of penal or correctional facility as appropriate) and (5) any pertinent policy statement issued by the Sentencing Commission.  *Id.*

The second relevant statute with regard to Petitioner's claims is the Second Chance Act of 2007, Pub.L. 110–199, 122 Stat. 692 (Apr. 9, 2008).  Notwithstanding Petitioner's claims to the

contrary, this statute does not automatically entitle an inmate to be placed in an RRC. *Elmore v. Cruz*, 2011 WL 1602592, at * 3 (N.D. Tex. March 9, 2011). Rather, the Second Chance Act merely directs the BOP to consider placing an inmate in an RRC for up to a 12 month period. *Id.* Specifically, the Act amended 18 U.S.C. § 3624(c)(1) to "authorize the BOP to consider placing an inmate in an RRC for up to the final *12 months* of his or her sentence, rather than the final *six months* that were available pre-amendment." *Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009). Specifically, the Act states:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions *may include* a community correctional facility.

18 U.S.C. § 3624(c)(1). The Act also required the BOP to issue regulations which shall ensure that placement in a RCC by the BOP is (1) conducted in a manner consistent with section 3621(b); (2) determined on an *individual basis*; and (3) of sufficient duration to provide the greatest liklihood of successful integration into the community. 18 U.S.C. § 3624(c)(6).[2]

---

[2] On October 21, 2008, the BOP issued its interim rule to conform with the requirements of the Second Chance Act. *See* 73 FR 62440-01.5. On November 14, 2008, BOP officials issued an additional guidance memorandum which instructed staff to consider inmates for immediate placement in an RRC if the inmate makes such a request. *See* Defendant's Response, Attachment 2 to Exhibit A. The memorandum further states that "RRC placement beyond six months should only occur when there are unusual or extraordinary circumstances justifying placement, and the Regional Director concurs." *Id.* at p. 3. However, the BOP issued another memorandum on June 24, 2010, stating that Regional Director's approval for RRC placements beyond six months was no longer required. *See* Attachment 1 to Defendant's Response at p. 2. The memorandum further provided that the "decision-making practices are to focus on RRC placement as a mechanism to reduce recidivism," and notes that RRC resources are limited and must be focused on the inmates likely to benefit in anticipated recidivism reduction. In addition, inmates who have refused programming or failed to engage in activities that prepare them for reentry may be inappropriate for RRC placement. The memorandum further noted that the inmate's "community support system" was a factor used in determining the length of RRC placement. *Id.* at p. 6.

Petitioner has failed to identify an actual policy of FCI Bastrop which limits sex offenders to a maximum of 30 days in an RRC. *See* McDonald Declaration, Exhibit A to Defendant's Response, at p. 4. The record before the Court establishes that the BOP at FCI Bastrop complied with the requirements of 18 U.S.C. § 3621 and § 3624 in considering Petitioner's request to transfer to an RRC. The Warden of FCI Bastrop has designated Unit Team members such as case managers to make halfway house determinations on an individual basis. *Id.* In accordance with the Second Chance Act and BOP policies, in December 2009, Erric McDonald, Petitioner's Case Manager at FCI-Bastrop, evaluated Petitioner for RRC placement and recommended that Petitioner be placed in a halfway house for a maximum of 30 days. *See* McDonald Declaration, Exhibit A to Defendant's Response, at p. 3. On November 19, 2010, McDonald once again evaluated Petitioner for halfway house placement and again recommended him for a 30-day RRC placement. *Id*. at 3.

In reviewing Petitioner's request for RRC placement, McDonald has given sworn testimony that he considered all of the factors listed in 18 USC § 3621(b), including (1) "the fact that his offense was so egregious in that he traveled out of the state and engaged in sexual intercourse with a minor," (2) the need to protect the public and the fact that he was not a lower risk inmate and (3) the totality of Petitioner's circumstances including his position and his community support system. *Id.* at p. 4. After assessing these factors, McDonald found in his "professional judgment, I did not believe that recommending Purviance for more than 30 days was appropriate." *Id.*

Based upon the foregoing, the Court finds that FCI Bastrop prison authorities complied with the requirements of 18 U.S.C. §§ 3621 and 3624 in making their recommendation with regard to placing Petitioner in a half way house. This is all that the Second Chance Act requires. *See Banks v. Pearson*, 2010 WL 2817180, at * 4 (S.D. Miss. March 22, 2010) ("The record before the court

establishes that the BOP considered the appropriate factors– which is all it was required to do"); *Wilson v. Keffer*, 2009 WL 1230020, at * 5 (W.D. La. May 5, 2009) ("the available evidence establishes that the prison authorities complied with the requirements of 18 U.S.C. §§ 3621 and 3624 in making their recommendation, and thus petitioner, who bears the burden of proof as to this issue, has not established that his custody violates the Constitution or laws of the United States"). Accordingly, Petitioner's claim that FCI Bastrop violated the Second Chance Act is without merit.

**B.      Equal Protection Claim**

Petitioner next alleges that FCI Bastrop's "policy" of limiting sex offenders to a maximum of 30 days in an RRC violates the Equal Protection Clause because it discriminates against sex offenders such as himself. Other than Petitioner's conclusory allegations, he is unable to point to any evidence showing that FCI Bastrop has a policy limiting sex offenders to a maximum of 30 days in an RRC. *See Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986) (conclusory assertions are insufficient to state an equal protection claim); *Kraft v. Cruz*, 2010 WL 882993, at * 3 (N.D. Tex. March 9, 2010) (dismissing § 2241 petition where defendant failed to point to any admissible evidence that the BOP had a policy that 30-60 days was the maximum time a sex offender incarcerated at FCI Seagoville could receive in a halfway house).

Even if FCI Bastrop did have a policy of limiting sex offenders to 30 days in an RRC, however, such a policy would not violate the Equal Protection Clause. This is because Petitioner has failed to show that he was intentionally treated differently from others similarly situated and that there was no rational basis for the difference in treatment. *See Unruh v. Moore*, 2009 WL 1310981 at * 1 (5th Cir. May 12, 2009). The Fifth Circuit has specifically held that "[i]nmates convicted of a sexual offense are not a suspect class, and thus any such classification is only subject to rational

basis review." *Bell v. Woods*, 2010 WL 2545421, at * 1 (5th Cir. June 18, 2010), *cert. denied*, 131 S.Ct. 797 (2010); *See also, Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir. 1998) (holding that there is no fundamental right to early release and finding that classification of prisoners based on their eligibility for CCC placement does not implicate a suspect class). Under the rational basis standard, this Court need only determine whether the classification is rationally related to a legitimate government interest. *Id.*

In the instant case, FCI Bastrop's stated reasons for recommending that Petitioner be placed in a half way house for no more than 30 days—the fact that his offense was so egregious, the need to protect the public, the totality of his circumstances and his community support system—are rationally related to legitimate penological interests. *See Brown v. Dretke*, 2006 WL 1582719, at *1 (5th Cir. June 06, 2006) (finding that subjecting inmates who are sex offenders to different parole proceedings is reasonably related to legitimate penological interests); *Combs v. Berkebile*, 2008 WL 2764976, at * 3 (N.D. Tex. July 16, 2008) (rejecting equal protection claim where § 3621(b) factors would provide rational basis for denying petitioner's request to be placed in halfway house). Accordingly, Petitioner's Equal Protection claim fails.[3]

### III. RECOMMENDATION

Based upon the foregoing, the undersigned Magistrate Court **RECOMMENDS** that the District Court **DENY** Brock Purviance's Writ of Habeas Corpus under 28 U.S.C. § 2241 with prejudice.

### IV. WARNINGS

---

[3]Because Petitioner has failed to present any meritorious claims in the instant Petitioner, his Motion for Appointment of Counsel (Clerk's Docket No. 2) is **HEREBY DENIED**.

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 2nd day of June, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE